UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAVID TROY | \* |
| | \* |
| | \* |
| VS. | \*     PLAINTIFF'S COMPLAINT |
| | \* |
| | \* |
| | \* |
| GRAND RIVER NAVIGATION and WISCONSIN CENTRAL LTD. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel comes Plaintiff, DAVID TROY, hereinafter referred to as 'Plaintiff', who files his Complaint against GRAND RIVER NAVIGATION and WISCONSIN CENTRAL LTD., herein referred to as 'Defendants', and in support thereof, would show unto the Court the following:

**I.     JURISDICTION AND VENUE**

1.

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1333 because the suit involves admiralty and maritime jurisdiction. Plaintiff's claims against Defendant, GRAND RIVER NAVIGATION, are maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

2.

In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's third and fourth causes of action against Defendant, WISCONSIN CENTRAL LTD., because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that

they form part of the same case or controversy under Article III of the U.S. Constitution, or in the alternative, an Admiralty pursuant to 28 U.S.C. 1333.

3.

Venue is proper in this district under 28 U.S.C. 1931(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.  PARTIES

4.

Plaintiff, DAVID TROY, is an individual and a citizen of the State of South Carolina. Plaintiff resides in Charleston County.

5.

Defendant, GRAND RIVER NAVIGATION, is the U.S. operating subsidiary of Rand Logistics Corporation, incorporated under the laws of the State of Delaware. Defendant maintains its principal place of business in Traverse City, MI. Defendant, GRAND RIVER NAVIGATION, conducts substantial business in the State of Minnesota, but it does not have a registered agent for service of process in the State of Minnesota. Service of process on this Defendant may be made according to the laws of the State of Minnesota or as otherwise authorized by the Federal Rules of Civil Procedure.

6.

Defendant, WISCONSIN CENTRAL LTD., a domestic railroad subsidiary of Canadian National, is incorporated under the laws of the State of Delaware and maintains its principal Homewood, IL. Defendant, WISCONSIN CENTRAL LTD., conducts substantial business in the State of Minnesota. This Defendant may be served with process by serving its registered agent,

Corporation Service Company, at 2345 Rice Street, Ste. 230 Roseville, Minnesota 55113.

### III. FACTS

7.

Plaintiff, DAVID TROY, would show that this lawsuit has become necessary as a result of occupational injuries he sustained on or about January 3, 2023.

8.

On or about January 3, 2023, and at all times pertinent herein, Plaintiff, DAVID TROY, sustained injuries during the course and scope of his employment by Defendant, GRAND RIVER NAVIGATION, as a first mate onboard the ATB DEFIANCE. At all material times hereto, Plaintiff was a Jones Act seaman employed by Defendant, GRAND RIVER NAVIGATION.

9.

At all times pertinent herein, Plaintiff, DAVID TROY, was employed in service of the ATB DEFIANCE and Plaintiff was a member of said vessel's crew. At all material times, the ATB DEFIANCE was a vessel in navigable waters at or near the CN Ore Dock in Duluth, MN. Said vessel was manned, provisioned, and controlled by Defendant, GRAND RIVER NAVIGATION

10.

At all material times, the CN Ore Dock was owned, operated, maintained, and/or controlled by Defendant, WISCONSIN CENTRAL LTD..

11.

On or about January 3, 2023, employees and/or agents of Defendants, GRAND RIVER NAVIGATION and WISCONSIN CENTRAL LTD., negligently caused Plaintiff, DAVID TROY, to sustain injuries in service of the ATB DEFIANCE.

12.

On or about January 3, 2023, the ATB DEFIANCE was docked alongside Defendant, WISCONSIN CENTRAL LTD.'s CN Ore Dock in Duluth, MN. At the time of occurrence, Plaintiff, DAVID TROY, was reporting for service onboard Defendant, GRAND RIVER CENTRAL's, ATB DEFIANCE. As he was walking along the dock to board the vessel, Plaintiff slipped on taconite pellets on the dock that had been left scattered across the dock after cargo operations, resulting in injury to his right lower extremity. As a result of the occurrence, Plaintiff sustained severe and debilitating injuries to his right leg, including the right knee, among other parts of his body.

13.

To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such preexisting condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

**IV.    FIRST CAUSE OF ACTION AGAINST DEFENDANT, GRAND RIVER NAVIGATION, FOR NEGLIGENCE UNDER THE JONES ACT**

14.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

15.

4

On or about January 3, 2023, Defendant, GRAND RIVER NAVIGATION, was negligent, and said negligence was a proximate cause of Plaintiff's injuries. At all relevant times, it was feasible for Defendant, GRAND RIVER NAVIGATION, to provide to Plaintiff, and said Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work (46 U.S.C. §1331, Jones Act). Plaintiff further contends that on the occasion in question, Defendant, GRAND RIVER NAVIGATION, acting through its officers, agents, servants and/or employees, was careless and negligent in the following respects:

   a. In failing to provide a safe work environment;
   b. In failing to properly supervise and oversee the operation at hand;
   c. In failing to maintain adequate control over the vessel, its equipment, and gear during the operation at hand;
   d. In failing to warn Plaintiff;
   e. In operating the vessel in an unsafe manner;
   f. In failing to have adequate safety policies and procedures related to the transfer of ore onto the vessel; and,
   g. Other acts of negligence as proven at time of trial.

16.

On said date, and as a direct and proximate result of the negligent acts of Defendant, GRAND RIVER NAVIGATION, Plaintiff developed severe and debilitating injuries to his right lower extremity among other parts of his body. Said occurrence and injuries occurred as a result of the negligence of Defendant, GRAND RIVER NAVIGATION, its agents, servants, and/or employees, acting in the course and scope of their employment or agency.

V. **AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, GRAND RIVER NAGIVATION,  FOR MAINTENANCE AND CURE**

13.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

14.

On or about January 3, 2023, and on other dates thereafter, and ever since, Defendant, GRAND RIVER NAVIGATION, has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff, DAVID TROY, in breach of duties said Defendant owes to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendant, GRAND RIVER NAVIGATION, as his employer to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendant, GRAND RIVER NAVIGATION, has unreasonably, arbitrarily, willfully and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing. As a result of Defendant's unreasonably failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries, pain and suffering, and additional expenses.

15.

Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

16.

By reason of the foregoing premises and as a legal result thereof, Plaintiff, DAVID TROY, has in the past and/or will in the future be caused to suffer the following described injuries and/or

losses, for which Defendant, GRAND RIVER NAVIGATION, is liable to Plaintiff:

a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
b. Physical and emotional injury, pain and suffering;
c. Prolongation and or aggravation of injuries;
d. Indebtedness for health care expenses;
e. Indebtedness for daily living expenses;
f. Prejudgment interest; and,
g. Attorneys' fees.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## VI. THIRD CAUSE OF ACTION AGAINST DEFENDANT, WISCONSIN CENTRAL LTD., FOR NEGLIGENCE

17.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

18.

Plaintiff brings this cause of action against Defendant, WISCONSIN CENTRAL LTD., for negligence. On or about January 3, 2023, Defendant, WISCONSIN CENTRAL LTD., had a duty to exercise ordinary care and operate its dock facility reasonably and prudently. Defendant, WISCONSIN CENTRAL LTD., is liable for the acts and omissions of its agents and/or employees, who were acting in the course and scope of their employment in furtherance of the business interests of Defendant. The acts and omissions of negligence committed by Defendant's agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by their principal or employer, who is therefore liable under the doctrine of Respondeat Superior for the negligent actions of its employees.

19.

At the time of occurrence, Defendant, WISCONSIN CENTRAL LTD., was in control of its ore dock facility in Duluth, MN. Defendant's dock was in an unkempt and hazardous condition. Specifically, the taconite pellets left behind created a known slip, trip, and fall hazard, which ultimately did cause the Plaintiff to slip and suffer severe, debilitating to his right lower extremity among other parts of his body. The dock facility had a standard process by which it would clear the docks of such pellets using a streetsweeper. That process had not been followed prior to Plaintiff sustaining injury.

20.

At the time of occurrence, Defendant, acting through its officers, agents, servants and/or employees, was careless and negligent in its conduct in the following respects:

a. Failing to provide proper oversight for the operation at hand;
b. Failing to ensure compliance with policies and procedures for the proper cleanup and disposal of taconite pellets;
c. Failing to properly inspect and maintain its dock facility in safe working condition, including the presence of known slip, trip, and fall hazards; and,
d. Other negligent acts or omissions as proven at the time of trial.

21.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, WISCONSIN CENTRAL LTD., is liable to Plaintiff in damages.

## VII. FOURTH CAUSE OF ACTION AGAINST DEFENDANT, WISCONSIN CENTRAL LTD., FOR PREMISES LIABILITY

22.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

23.

Plaintiff brings this cause of action against Defendant WISCONSIN CENTRAL LTD., for premises liability. On or about January 3, 2023, Defendant, WISCONSIN CENTRAL LTD., was the owner and/or operator in possession of the CN Ore Dock facility in Duluth, MN. Defendant, WISCONSIN CENTRAL LTD., was in control of the premises at the CN Ore Dock facility in Duluth, MN. Defendant had a duty to exercise ordinary care and ensure that the premises did not present an unreasonable danger to the Plaintiff. This duty includes the duty to warn of or cure dangerous conditions.

24.

Defendant, WISCONSIN CENTRAL LTD., is liable for the acts and omissions of its agents and/or employees, who were acting in the course and scope of their employment in furtherance of the business interests of Defendant. The acts and omissions of negligence committed by Defendant's agents, servants, and/or employees arose directly out of and was done in furterhance of the business that they were employed to do by their principal or employer, who is therefore liable under the doctrine of Respondeat Superior for the negligent actions of its employees.

25.

At the time of the occurrence, Defendant, WISCONSIN CENTRAL LTD., acting through its officers, agents, servants and/or employees, breached its duty of care and the premises were in an unreasonably dangerous condition in the following respects:

a. Defendant failed to inspect the spiral(s) and/or bollard(s) to identify any unreasonable risk of harm arising from its condition;
b. Defendant failed to adequately warn Plaintiff of the presence of taconite pellets on the dock;
c. Failing to properly inspect and maintain its dock facility in safe working condition, including the presence of known slip, trip, and fall hazards; and,
d. Other negligent acts or omissions as proven at the time of trial.

26.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, WISCONSIN CENTRAL LTD., is liable to Plaintiff in damages.

## VIII.   DAMAGES

27.

As a direct and proximate result of the occurrence alleged, Plaintiff, DAVID TROY, sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

28.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, GRAND RIVER NAVIGATION and WISCONSIN CENTRAL LTD., are jointly and severally liable to Plaintiff:

   a. Reasonable and necessary medical expenses in the past and in the future;
   b. Physical pain and suffering in the past and in the future;
   c. Mental anguish in the past and in the future;
   d. Loss of earning capacity in the past and in the future;
   e. Physical disfigurement in the past and in the future; and,
   f. Physical impairment in the past and in the future.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## IX.     JURY DEMAND

29.

Plaintiff, DAVID TROY, hereby requests a trial by jury on all issues raised herein.

## X.     PRAYER

30.

WHEREFORE, after due proceedings had, Plaintiff, DAVID TROY, prays that Defendants, GRAND RIVER NAVIGATION and WISCONSIN CENTRAL LTD., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendants, GRAND RIVER NAVIGATION and WISCONSIN CENTRAL LTD., in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff must show himself justly entitled.

Dated: September 25, 2023

        Respectfully submitted,

        BRADSHAW AND BRYANT PLLC

        _/s/ *Michael A. Bryant*
        MICHAEL A. BRYANT .
        1505 Division Street
        Waite Park, Minnesota 56387
        Tel: (320) 259-5414
        Facsimile: (320) 259-5438
        mike@minnesotapersonalinjury.com

        and

        SCHECHTER, SHAFFER, & HARRIS, L.L.P.

        _/s/ *Matthew D. Shaffer*
        MATTHEW D. SHAFFER*
        Texas Bar No. 18085600
        LAURA B. DE LA CRUZ*
        Texas Bar Number: 24095300
        3200 Travis, 3rd Floor
        Houston, Texas 77006
        Tel: (713) 524-3500
        Facsimile: (866) 696-5610
        Ldelacruz@smslegal.com
        Mshaffer@smslegal.com
        *\*Attorneys will be seeking admission pro hac vice*

        Counsel for Plaintiff, DAVID TROY